IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES DEVON BROWN, #R2694**　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　　　　　　　**CIVIL ACTION NO. 1:05cv434LG-RHW**

**MANLY BARTON, JOHN MCKAY, TIM BROUSSARD,**
**FRANK LEACH and ROBERT R. NOVEL, SR.**　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Brown, an inmate of the Mississippi Department of Corrections (MDOC) currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The named Defendants are: Manly Barton, John McKay, Tim Broussard, Frank Leach and Robert R. Norvel, Sr. All of the named defendants are members of the Jackson County Board of Supervisors. The Plaintiff seeks monetary damages as relief. On November 21, 2005, the Plaintiff was ordered to file an amended complaint to provide specific information to the Court. On January 9, 2006, the Plaintiff filed his amended complaint [doc.#9].

### Background

The Plaintiff states that he was convicted of burglary of a dwelling and two counts of armed robbery on November 3, 1997, in the Jackson County Circuit Court. The Plaintiff was sentenced to twelve years, with eight years suspended, followed by five years post release supervision, on all three charges. On July 30, 2001, an order was entered by the Jackson County Circuit Court revoking the Plaintiff's post release supervision and sentencing him to two years to serve in the custody of MDOC, followed by five years post release supervision.

The Plaintiff states that on May 14, 2003, he completed his two year sentence and was released on post release supervision.

The Plaintiff claims that while he was on post release supervision from May 14, 2003, until June 19, 2004, he was arrested on kidnaping charges.  The Plaintiff attaches an order of the Jackson County Circuit Court, filed October 11, 2004, revoking his post release supervision and sentencing him to six years in the custody of MDOC.  The order states that the Plaintiff violated the conditions of his post release supervision in a material respect by "Violation of Condition A:  Commit no offense against the laws of this State or any other State of the United States."  *Order of Revocation Of Post Release Supervision*, Cause nos.  97-10,048; 97-10,308; 97-10,609, Circuit Court of Jackson County, Mississippi (Oct. 11, 2004).  The Plaintiff alleges that this revocation order is illegal because it was based on kidnaping charges that were ultimately dismissed.  The Plaintiff also attaches a copy of an indictment for burglary of a dwelling entered by the Jackson County Grand Jury on February 4, 2005.  The Plaintiff states that as of January 6, 2006, he has not been tried for this 2005 burglary charge.  As relief in this action, the Plaintiff requests that he be awarded $600.00 a day for "being held illegally since September 28, 2004." *Complaint* at pg. 4.

Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted the plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

The Plaintiff's claims are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable

>under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).  If the Court were to find in the plaintiff's favor and determine that his post release supervision was illegally revoked, it would necessarily imply the invalidity of his current sentence and imprisonment.  In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id* at 2372.[1]  The Court concludes that the Plaintiff's claims are currently barred by *Heck.*  As such, these claims are dismissed for the Plaintiff's failure to state a claim upon which relief may be granted.

## Conclusion

As discussed above, the Plaintiff's claims are barred by *Heck v. Humphrey* and will be dismissed with prejudice for the Plaintiff's failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(ii),[2]  Since this case is dismissed pursuant to the above mentioned provisions of the

---

[1] The Court's order to amend specifically directed the Plaintiff to state if the complained of convictions and/or sentences had been invalidated by any of these means.

[2] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."*Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

Prison Litigation Reform Act, it will be counted as a "Strike."[3] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee in order to file a civil action or appeal.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."